■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY GAGGI, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Coffinas, J.), dated February 7, 1983, which granted that branch of defendant's motion which sought to dismiss two indictments for failure to afford him a speedy trial in accordance with CPL 30.30.

Order reversed, on the law and the facts, that branch of defendant's motion which was to dismiss the indictments for failure to afford him a speedy trial denied, and matter remitted to the Supreme Court, Kings County, for determination of the remaining branches of defendant's motion and for further proceedings on the indictments.

Defendant was convicted of criminal possession of a weapon in the second degree, and attempted assault in the first degree as a lesser included offense of attempted murder in the first degree.

We affirmed the judgment of conviction (*People v Gaggi,* 80 AD2d 860) and leave to appeal to the Court of Appeals was denied (*People v Gaggi,* 53 NY2d 842).

Subsequently, the defendant made a motion to set aside the conviction upon the ground of juror misconduct. By order entered May 20, 1982, that motion was granted. Although the People filed a notice of appeal from that order, following some intermediate activity, they advised Criminal Term, on August 16, 1982, that the appeal would not be perfected and that, as required by relevant decisional law (see *People v Gonzalez,* 61 NY2d 633), they would re-present the case to the Grand Jury. A motion to dismiss the indictments for failure to comply with the speedy trial provisions of CPL 30.30 and for other relief was made on or about December 20, 1982. On February 7, 1983, the branch of the motion which was to dismiss for failure to afford defendant a speedy trial was granted. We reverse.

Pursuant to CPL 30.30 (subd 1, par [a]; subd 4), the People must announce their readiness for trial within six months of the commencement of a criminal proceeding charging the defendant with a felony, less certain excludable periods (see, e.g., *People v Smith,* 97 AD2d 485). Because defendant was to be retried upon "an order for a new trial", the statutory period "must be deemed to have commenced on * * * the date the order occasioning a retrial became final" (CPL 30.30, subd 5, par [a]). While our concurring colleague concludes that the statutory period would not begin to run until the People had exhausted their appellate rights or withdrew their appeal, the parties have not discussed the issue in their briefs and since, in our view, reversal is required even if the date of entry of the order directing a new trial is utilized, as Criminal Term did, we need not pass on that question.

A total of 64 days, representing the delay between entry of the order directing the new trial and the defendant's first scheduled court appearance (May 20, 1982 — June 21, 1982), the period between the filing of the indictment and the arraignment (Sept. 10, 1982 — Sept. 20, 1982), which the defendant consented to by failing to object (CPL 30.30, subd 4, par [b]), and the interval between the arraignment and the first court date, to which the defendant also failed to object (Sept. 20, 1982 — Oct. 12, 1982), are all excludable (see *People v O'Neal,* 99 AD2d 844; *People v Smith,* 97 AD2d 485, *supra; People v Gadsden,* NYLJ, Jan. 21, 1982, p 13, col 3).

By virtue of these exclusions, the six-month period, measured from May 20, 1982, could not have expired until January 23, 1983. Inasmuch as the People "ask[ed] this case go to trial" on

December 7, 1982, and any adjournment after that date was at the defendant's request, there is no basis for dismissal pursuant to CPL 30.30 (see *People v Moorhead,* 61 NY2d 851; *People v Giordano,* 56 NY2d 524; *People v Mastrangelo,* 100 AD2d 914; *People v Josefson,* 100 AD2d 630; *People v Evans,* 99 AD2d 535). Mangano, Gibbons and Brown, JJ., concur.

Titone, J. P., concurs to reverse the order appealed from and to remit the matter to the Supreme Court, Kings County, for further proceedings, with the following memorandum:

Because the People's comment at the December 7, 1982 appearance does not constitute an unequivocal statement of readiness and because of Criminal Term's express factual finding that the People never announced such readiness, I cannot join the majority's thesis. Nonetheless, finding the defendant's motion premature, I cast my vote for reversal.

Pursuant to CPL 30.30 (subd 5, par [a]), when a defendant is to be retried upon "an order for a new trial" the six-month period within which the People must announce their readiness for trial "must be deemed to have commenced on * * * the date the order occasioning a retrial [became] final". Since the CPL contains no definition of the word "final", it must be assumed that the Legislature intended that word to have its commonly understood meaning (*Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.,* 51 NY2d 506, 511; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 94, 232), with the meaning ascribed by lexicographers serving as a useful guidepost (*Quotron Systems v Gallman,* 39 NY2d 428, 431; McKinney's Cons Laws of NY, Book 1, Statutes, § 234).

In common parlance, a matter is considered "final" when it cannot "be altered or undone", i.e., when it is conclusive (Webster's Ninth New Collegiate Dictionary [1983 ed], p 463). A "final decision" is one from which no appeal can be taken or as to which no writ of error can be issued (see *United States ex rel. Fink v Tod,* 1 F2d 246, 252, revd on other grounds 267 US 571; Black's Law Dictionary [5th ed], p 567). "In legal terminology 'final' means conclusive, decisive, definitive, as a final judgment, from which there is no appeal; not open to appeal or revision; necessarily precluding review; precluding further controversy on the question passed upon; that which absolutely ends or concludes a matter" (36A CJS, Final, p 408).

The Appellate Division, Fourth Department, has given the term "final" its plain meaning, concluding that the six-month statutory time frame specified by CPL 30.30 does not commence upon an order directing a retrial until the People have exhausted their appellate remedies (*People v Passero,* 96 AD2d 721). Indeed, unless such a definition be employed, the People's

exercise of appellate rights would be rendered meaningless for even if the People prevailed on appeal the matter would be subject to dismissal pursuant to CPL 30.30, there being no provision in the CPL enabling the People to stay the operation of the order directing a new trial (see CPL 460.40, 460.50) and the pendency of the appeal would not constitute the cause of the delay (cf. *People v Sturgis,* 38 NY2d 625).

The failure of the parties to brief this point on appeal is irrelevant. Even if the People had expressly conceded the question, that would not "relieve us from the performance of our judicial function [or] require us to adopt the proposal urged upon us" (*People v Berrios,* 28 NY2d 361, 366-367; see, also, *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33, 35).

Inasmuch as the People did not withdraw their appeal until August 16, 1982, the order directing the retrial did not become final until that date. Accordingly, the six-month statutory period would not have expired until February 16, 1983, irrespective of any excludable periods, and the motion decided by Criminal Term on February 7, 1983 should have been denied.