■ The People of the State of New York, Appellant, v Roger Allen, Respondent. — Order, Supreme Court, New York County (Berkman, J.), entered November 21, 1983, granting defendant's motion to dismiss the indictment on the ground that he had been denied his right to a speedy trial (CPL 30.30), reversed, on the law, motion denied, indictment reinstated and the matter remitted for further proceedings.

Defendant was arraigned on a felony complaint charging him with robbery in the first degree on February 19, 1983. Defendant was indicted on April 12, 1983. As directed by the court, the People furnished police reports to the defendant during April and July 1983. The case was set for trial on June 2, 1983.

Thereafter, continuances were granted because of the engagement of the attorneys on both sides. Defendant's attorney was also on vacation during part of August 1983.

On September 16, 1983, the matter was marked ready and sent to a Trial Part as a backup case. On September 26, 1983 the People informed the court that the minutes of a prior inconclusive Grand Jury proceeding involving the charge at bar had not been transcribed. The case was thereupon adjourned to afford the defendant an opportunity to make a speedy trial motion.

The court granted defendant's motion to dismiss on the ground that the unavailability of defendant's attorney did not excuse the People's failure to obtain the minutes of the aborted Grand Jury presentation. The court stated, "the fact that [defense counsel] was on trial had absolutely nothing to do with whether or not [the prosecutor] could order grand jury minutes, which is something which is solely in the province of the People to do and which is not in any way delayed by the absence of defense counsel."

On appeal, the People argue that they were ready to proceed to trial in the absence of the Grand Jury minutes and that the failure to obtain the minutes does not make otherwise excludable periods of delay includable for speedy trial purposes. We agree.

There is no requirement that the People furnish *Rosario* material to a defendant prior to commencement of trial. CPL 240.45 (1) (a) states that, "After the jury has been sworn and before the prosecutor's opening address * * * the prosecutor shall, subject to a protective order, make available to the defendant: (a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony".

Accordingly, the unavailability of the Grand Jury minutes in no way impeded or impaired the People's ability to proceed to trial. Under such circumstances it was error to charge the People with delay that is not solely attributable to the People's unreadiness. It is undisputed that defendant's attorney was unavailable because of his conflicting trial engagements and vacation, a period of 78 days prior to the People's readiness for trial on September 16, 1983. This period should have been excluded from the computation of the time in which the People were to be prepared for trial. The People were therefore ready for trial within the six-month period prescribed by CPL 30.30 (1) (a). Concur — Murphy, P. J., Kupferman, Sullivan and Milonas, JJ.