■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN BUCKMON, Also Known as JOHN BROCKMON, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated August 2, 1983, which granted that branch of defendant's motion which sought dismissal of the indictment on the ground that he was denied a speedy trial (*People v Buckmon,* 120 Misc 2d 355).

Order reversed, on the law, the aforenoted branch of defendant's motion denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

Although approximately 8½ months elapsed from the time of the felony complaint (July 22, 1982) until the time of the instant motion (Apr. 14, 1983), our review of the record reveals that there has been no violation of defendant's statutory right to a speedy trial.

CPL 30.30 (1) (a) requires that the People be ready for trial within six months of filing of the accusatory instrument. However, this time period must be computed in light of CPL 30.30 (4) (a) which excludes reasonable periods of delay resulting from "pre-trial motions".

The People have conceded that they are chargeable with 167 days; the period in dispute is the 34 days between defendant's pretrial motion to dismiss the original indictment for legal insufficiency of the evidence and the order granting that motion. Criminal Term held that this period is chargeable to the People because it was the People's failure to present a proper case before the Grand Jury which necessitated defendant's motion to dismiss. This was error. Neither CPL 30.30 nor any other provision contains such an exception to the rule that delays resulting from "pre-trial motions" are excludable. We thus conclude that the total time period chargeable to the People was within the statutory limit of CPL 30.30 and that the dismissal of the indictment on the ground of the denial of a speedy trial was improper.

We have considered defendant's remaining contentions and find them to be without merit. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.