■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERICK BROWN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Lodato, J.), dated August 2, 1983, which granted that branch of defendant's motion which sought dismissal of the indictment on the ground that he was denied a speedy trial (CPL 30.30).

Order reversed, on the law, the aforementioned branch of defendant's motion denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings.

We have reviewed the record, and find that after subtracting periods which must be excluded from computation of the six months within which the People were required to be ready for trial (*see,* CPL 30.30 [1] [a]; [4]) the People's announcement of readiness was timely.

The felony complaint charging defendant with robbery in the second degree was filed July 17, 1982, thus commencing the proceeding (*People v Osgood,* 52 NY2d 37, 40). After a dismissal of the original indictment for insufficiency, and subsequent reindictment, the People announced on March 14, 1983 that they were ready to proceed to trial. This period totaled 240 days, or 56 in excess of the six-month statutory limitation. Accordingly, the People had the burden to show that at least 56 days were excludable pursuant to CPL 30.30 (4) (*People v Berkowitz,* 50 NY2d 333, 349). We find, based on the record before us, that the following periods, which total 79 days, were excludable: (1) 9 days commencing November 9, 1982, the date a bench warrant was issued, and ending November 18, 1982, the date defendant appeared pursuant to the warrant (CPL 30.30 [4] [c]); (2) 14 days from December 1, 1982 to December 14, 1982, a reasonable delay resulting from defendant's pretrial motions (CPL 30.30 [4] [a]) (notwithstanding the later dismissal of the indictment on January 6, 1983 after a further delay commencing December 14, 1982, which

was chargeable to the People [*People v Buckmon*, 109 AD2d 846]); (3) 10 days, beginning January 17, 1983, the date the second indictment was filed, and ending January 27, 1983, the arraignment date, a delay to which defendant consented by failing to object (CPL 30.30 [4] [b]; *People v Gaggi*, 104 AD2d 422, *appeal dismissed* 65 NY2d 636); (4) 21 days from the arraignment date to February 17, 1983, the first court date, a delay to which defendant also failed to object (*People v Gaggi, supra*); and (5) 25 days, representing an adjournment at defendant's request from February 17, 1983 to March 14, 1983 (CPL 30.30 [4] [b]).

By virtue of these exclusions the six-month period measured from July 17, 1982 could not have expired until April 6, 1983. Inasmuch as the People announced their readiness on March 14, 1983, there was no basis for dismissal.

On appeal defendant contends that the People were not ready to proceed to trial until April 26, 1983 and that the period from March 14 until that date should be charged to the People and not excluded. He bases that contention on the following events. After the People's announcement of readiness, defense counsel requested an adjournment to April 12, 1983. On that date the People were unable to produce the Grand Jury minutes in answer to a second motion to inspect, and requested a two-week adjournment. Defendant contends that, therefore, the People could not have been ready on March 14 when the minutes were unavailable, and consequently were not ready until April 26, the adjourned date when the minutes were produced. We find this argument unpersuasive. "There is no requirement that the People furnish *Rosario* material to a defendant prior to commencement of trial * * * Accordingly, the unavailability of the Grand Jury minutes in no way impede[s] or impair[s] the People's ability to proceed to trial" (*People v Allen*, 108 AD2d 601, 602). Under such circumstances the People are not charged with delay not solely attributable to the People's unreadiness (*People v Allen, supra*). It is undisputed that the period of delay from March 14, when the People announced their readiness, to the April 12 adjourned date, was at defendant's request, and therefore not attributable to the People. Were we to hold that the People were not ready until April 26, the additional delay of two weeks chargeable to them would reduce the excludable period of 79 days to 65 days, still in excess of the 56 days required to come within the six-month limitation.

Accordingly, we find that the People were ready to proceed to trial within six months of the commencement of the action,

and that branch of defendant's motion which was to dismiss should not have been granted. We therefore reverse, and reinstate the indictment. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.