■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER CORPORAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered June 8, 1981, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's primary challenge on this appeal involves the denial of his motion and renewed motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial *(see,* CPL 30.30 [1], [4]). We find that these motions were properly denied.

The criminal action in this case commenced with defendant's arrest and filing of a felony complaint on October 2, 1979. An indictment was handed up on January 11, 1980, and the defendant was arraigned January 23, 1980. Neither party disputes that these 113 days are attributable to the People.

While the defense counsel served a notice to produce the Grand Jury minutes on January 23, 1980, for the purpose of examining the testimony of the defendant and of a potential alibi witness, the People did not supply this to defense counsel until May 9, 1980. However, the delay in producing these materials did not impede the People's or the defendant's ability to prepare for trial, since such testimony, like *Brady* material or *Rosario* material, may be provided at any time prior to the time the trial commences *(see, People v Brown,*

113 AD2d 812; *People v Allen,* 108 AD2d 601, *affd* 66 NY2d 529; *People v Jones,* 125 Misc 2d 798). The minutes in this case were not required for the court's decision of the defendant's omnibus motion *(see, People v Pardner,* 90 AD2d 987). Therefore, this period is not to be counted against the People solely due to their delay in supplying these minutes. However, the periods from January 23 to February 4, 1980, March 10 to April 11, 1980, and May 5 to May 9, 1980, are attributable to the People because these delays were not due to defense motions or requests for adjournments (CPL 30.30 [4] [a], [b]).

The defendant's motion to renew his first speedy trial motion (decided May 9, 1980), was decided on June 19, 1980. On June 18, 1980, however, the People communicated their readiness to the court in open court *(see, People v Kendzia,* 64 NY2d 331). While the transcript of the June 18, 1980 proceedings leaves some ambiguity, the decision of a subsequent speedy trial motion by the same Judge who presided on June 18, 1980, contains a finding of fact that the People's readiness was properly communicated on that date.

However, subsequent adjournments (from August 11 to August 28, 1980) were made at the People's request and, under the circumstances must be counted against the People *(see, People v Anderson,* 66 NY2d 529, 541; *People v Jones,* 105 AD2d 179, 186, *affd* 66 NY2d 529).

The number of days chargeable to the People totaled 178, which was within the statutory limit of six months.

We have examined defendant's remaining contentions and find they either are without merit or were not preserved for review, and we decline to reach them in the interest of justice. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.