■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NICHOLAS PAPPAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 9, 1983, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of marihuana in the third degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 16, 1982, the defendant was arrested and a felony complaint was filed charging him with various crimes which had provided the cause for his arrest. On March 4, 1982, the felony complaint was dismissed for failure to prosecute. On May 20, 1982, the defendant was indicted by a Kings County Grand Jury charging him with essentially the same crimes stemming from the February 16, 1982 criminal transaction as had the prior felony complaint. A warrant authorizing the defendant's arrest was then signed by a Judge and processed by the central warrants unit. On June 16, 1982, the arrest warrant was sent to the Kings County Richmond County warrant squad for execution. On June 20, 1982, for the first time, a police officer from the warrant squad attempted to execute the arrest warrant but the defendant was not home. The officer left his card and was contacted the following day by the defendant's attorney who arranged with the police officer to bring the defendant in on July 28, 1982, to be arraigned upon the indictment. At the arraignment, the defendant moved to dismiss the indictment pursuant to CPL 190.50. The motion, which was made returnable on August 9, 1982, was adjourned on that date to August 18, 1982, without objection by the defendant. On August 18, 1982, the Assistant District Attorney orally consented to the defendant's motion and informed counsel that the matter would be resubmitted to the Grand Jury. The defendant was reindicted on September 10, 1982, and was arraigned upon this second indictment on September 20, 1982, at which time the matter was adjourned to October 4, 1982, without objection by the defendant. On October 4, 1982, the People announced that they were ready to proceed to trial. By notice of motion dated October 6, 1982, the defendant moved to dismiss the indictment upon the ground that he was denied a speedy trial within the meaning of CPL 30.30 and the Supreme Court, Kings County (Spodek, J.), denied the motion. We affirm.

The filing of the felony complaint on February 16, 1982 commenced the proceeding (see, People v Sinistaj, 67 NY2d

236; *People v Osgood,* 52 NY2d 37; *People v Lomax,* 50 NY2d 351). The allowable six-calendar-month statutory limitation in this case (Feb. 16, 1982 to Aug. 16, 1982) totaled 181 days *(see, e.g., People v Anderson,* 66 NY2d 529, 540; *People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529; *People v Smith,* 97 AD2d 485). The period of delay between February 16, 1982 and October 4, 1982, the day the People announced that they were ready for trial, totaled 230 days, or 49 days in excess of the 181-day statutory limitation. Accordingly, the People had the burden to show that at least 49 days were excludable pursuant to CPL 30.30 (4) *(see, People v Kendzia,* 64 NY2d 331, 338; *People v Berkowitz,* 50 NY2d 333, 349; *People v Sturgis,* 38 NY2d 625, 627).

We find, based on the record before us, that the following periods of delay, which total 53 days, were excludable: (1) eight days commencing July 20, 1982, the date the police officer attempted to execute the arrest warrant, and ending July 28, 1982, the date the defendant appeared pursuant to an agreement to do so, since the defendant was unavailable during this period (CPL 30.30 [4] [c]); (2) 12 days commencing July 28, 1982, the date the defendant was arraigned upon the first indictment and moved to dismiss the same, and ending August 9, 1982, the date the motion was returnable, since this delay resulted from the defendant's pretrial motion (CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 527; *People v Brown,* 113 AD2d 812, 813) notwithstanding the People's subsequent consent to the relief requested *(cf., People v Buckmon,* 109 AD2d 846); (3) nine days commencing August 9, 1982, the return date of the motion, and ending August 18, 1982, the adjournment date set by the court, as the defendant consented to the continuance by failing to object (CPL 30.30 [4] [b]; *People v Gaggi,* 104 AD2d 422, *appeal dismissed* 65 NY2d 636; *People v Brown, supra);* (4) 10 days commencing September 10, 1982, the date defendant was reindicted, and ending September 20, 1982, the date the defendant was arraigned upon the second indictment, since the People are entitled to a reasonable period in which to notify the defendant and arrange for his arraignment *(see, People v Gaggi, supra,* at 423; *People v Brown, supra,* at 813); (5) 14 days commencing September 20, 1982, the date the defendant was arraigned upon his second indictment, and ending October 4, 1982, the adjournment date set by the court, since, again, the defendant consented to this continuance by failing to object (CPL 30.30 [4] [b]).

The period of delay between May 20, 1982 and June 16,

1982 is not a period of excusable delay. This period was caused by administrative procedures involved in issuing an arrest warrant pursuant to CPL articles 110 and 120, to compel the defendant's appearance upon the accusatory instrument which had been filed on May 20, 1982 *(see, People v Samuels,* 49 NY2d 218, 222). The record is barren of any indication that the defendant was "absent or unavailable" (CPL 30.30 [4] [c]) during this period of time. Nor was the arrest warrant in this case a bench warrant issued pursuant to CPL 530.70 because of the defendant's failure to appear in court when required (CPL 30.30 [4] [c]; *cf., People v Brown, supra).* CPL 30.30 (4) contains no provision excluding this period of delay which was occasioned by internal police procedures *(see, People v Masselli,* 13 NY2d 1; *People v Scott,* 56 AD2d 667).

Inasmuch as the People sustained their burden, the defendant's motion to dismiss the indictment was properly denied.

We have considered the defendant's other contentions and find them to be without merit. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.