*74 OPINION OF THE COURT
Jerome M. Kay, J.
Defendant, Collins Foster, charged with operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [2], [3]) and assault in the third degree (Penal Law § 120.00) moves this court to dismiss the charges against him, contending that his CPL 30.30 right to a speedy trial has been violated.
The filing of the misdemeanor complaint listing the above mentioned charges and defendant’s arraignment thereon occurred on September 3, 1986. On December 2, 1986, the People filed a corroborating affidavit thereby converting the accusatory instrument into an information. On January 6, 1987, the People filed and served a statement of readiness with the court and on the defendant. The 90th day from the initial filing of the accusatory instrument was December 2, 1986 (see, General Construction Law § 20).
The People concede that the time between September 29, 1986 and November 25, 1986 should be charged to them. However, they argue that the period from the arraignment on September 3, 1986 until the first court date on September 29, 1986 should be excluded since this adjournment was for administrative purposes. Also, the People allege that since the defendant did not object to this adjournment he thereby consented to it; therefore, this period of time should be excluded. The People place their reliance on People v Gaggi (104 AD2d 422, appeal dismissed 65 NY2d 636), People v Brown (113 AD2d 812) and People v Gadsden (NYLJ, Jan. 21, 1982, at 13, col 3). They further contend that the filing of the corroborating affidavit on December 2, 1986 was tantamount to being ready for trial, and, therefore, CPL 30.30 time should have been tolled as of that date. The court disagrees with these contentions.
The court has examined People v Gaggi (supra), People v Brown (supra) and People v Gadsden (supra) (including the record on appeal for People v Gaggi and People v Brown) and finds that these cases are distinguishable from the instant matter. Gaggi, Brown and Gadsden address periods of time from the filing of an indictment through the Arraignment Part, the Conference Part and into the First Appearance Part (IC) in the Supreme Court. There is no parallel structure for this process in the local criminal court. Arraignments in criminal court generally occur on misdemeanor complaints *75 and very often plea negotiations occur while the accusatory instrument is in hearsay form. If the defendant has waived prosecution by information, he may then plead to the complaint. (People v Connor, 63 NY2d 11; CPL 170.65.) Occasionally, however, the complaint is converted to a jurisdictionally sufficient trial instrument at arraignment. If a disposition cannot be reached at the arraignment, the case is sent to an All Purpose Part (AP Part), which is essentially a bifurcated part, where further plea negotiations and/or pretrial proceedings are conducted. These same "pre-ready” pretrial procedures are executed in the IC Part of the Supreme Court. The AP Part also calendars cases awaiting the matter to become ready for trial. Upon the People’s readiness in the AP Part, the case is sent to a Jury Calendar Part or a Jury Trial Part. Consequently, the Arraignment and the AP Parts may handle cases which consist of hearsay complaints which have not yet been converted into jurisdictionally sufficient trial instruments. The Supreme Court, however, from the inception, has an instrument upon which trial jurisdiction may be predicated (CPL 1.20 [24], [25]).
The court notes that the Brown and Gadsden cases (supra) commenced with the filing of felony complaints in criminal court. The Gaggi proceedings (supra) were initiated when an order for a retrial became final (CPL 30.30 [5] [a]). A careful reading of the Brown and Gadsden cases reveals that the court charged the People with the time from the filing and the arraignment on the felony complaint up until the filing of the indictment. In fact, Gadsden states: "For purposes of CPL Sec. 30.30, a criminal action commences with the filing of the felony complaint in a criminal court * * * Delays between the commencement of the action and the indictment are charged to the People because the People wholly control the case and its presentation to the Grand Jury.” (Supra; emphasis supplied.) The Gaggi court (supra) also charged the People with all of the time from the entry of the order directing a new trial and the filing of the indictment.
Following this reasoning, it appears that the People’s reliance on Gaggi, Brown and Gadsden (supra) is misplaced since those cases refer to time periods following conversion to instruments conferring trial jurisdiction and to the attendant proceedings surrounding them in the Supreme Court. This reasoning has no relevance to misdemeanors in criminal court where the instrument is generally a complaint, conferring only preliminary jurisdiction. Of course, if the misdemeanor *76 complaint has been converted to a jurisdictionally sufficient instrument and if the People have expressed their readiness to proceed at the arraignment, CPL 30.30 requirements have been fulfilled.
The court also disagrees with the prosecution’s argument that defendant’s failure to object to an adjournment constitutes his consent. People v Prosser (309 NY 353), in which the genesis of the proposition that "silence is consent” is found, is a speedy trial case prior to the statutory scheme set forth by CPL 30.30. A reading of this case reveals that it dealt with numerous adjournments by the People in which the defendant stood mute throughout. It is a case whose application must be limited to the specific facts. The case at bar is inapposite. Here, the defendant was arraigned upon the misdemeanor complaint; had not expressly waived prosecution by information; the People had not filed a corroborating affidavit; and, were not ready to proceed. Therefore, the court adjourned the case to an AP Part. CPL 30.30 time, however, commenced at the arraignment.
The enactment and imposition of CPL 30.30 time limits has been strictly construed so that the People have a limited time within which to be ready for trial unless there is an express waiver by the defendant. CPL 30.30 mandates a literal construction in favor of the defendant. (People v Wrightstone, 88 Misc 2d 824.) It is the expiration of the CPL 30.30 time limit that serves as the automatic enforcer of defendant’s speedy trial right. Moreover, under CPL 30.30 the defendant has no obligation to push his prosecution. It is the People’s burden to announce their readiness for trial and there is no concomitant burden on the defendant. (People v Staley, 41 NY2d 789; People v Johnson, 38 NY2d 271; People v Minicone, 28 NY2d 279; People v Prosser, supra; People v Rathbun, 48 AD2d 149; People v Sylvester, 29 AD2d 985; People v Arturo, 122 Misc 2d 1058.) Therefore, if mere silence alone on the part of the defendant absolved the People from their basic obligation to proceed, the statutory speedy trial right would be almost meaningless, since the defendant would be placed in a position of having to object whenever the People were not ready to proceed even though the statutorily permissible time limit within which to be ready had not expired.
The Court of Appeals in People v Worley (66 NY2d 523) stated that exclusions rest generally on theories of estoppel or waiver. Those delays which have been caused by the defendant "for his own benefit” should be excluded, i.e., adjourn- *77 merits requested by him or times encompassed by his absence which is evidence of his consent to a delay. In People v Rodriguez (50 NY2d 553) the court stated, with reference to the constitutional right to a speedy trial, that the speedy trial right could be surrendered, but, ordinarily, only an intentional relinquishment or abandonment would suffice. The court then stated: "evidence sufficient to establish the waiver of a constitutional claim will suffice to establish one under CPL 30.30 as well” (at 558, n 3).
The official stenographic record of the case at bar for the appearance date in question reveals that the defense attorney virtually objected to everything at the arraignment of this defendant. However, the People not being ready, the defense attorney did not specifically object to the adjournment to the next appearance date. There was no showing of an intent to waive; there is no indication that the defendant was advised that his failure to object would constitute a waiver of CPL 30.30 time limits for this adjournment; nor, is there any such basis in the law which would put the defendant on notice of such a waiver. (See, People v Worley, supra; People v Rodriguez, supra.) Therefore, if the court accepts the People’s contention that this defendant consented simply because he remained silent as to the adjournment, the People would be granted a convenient dilatory tactic, sanctioned by this court, whenever they are not ready to proceed and cannot find a good cause for the delay.
The court finds the entire 26-day period from defendant’s arraignment on the misdemeanor complaint on September 3, 1986 until the first court appearance date on September 29, 1986 chargeable to the People.
It is further contended by the prosecutor that the filing of the supporting deposition on January 6, 1987 satisfied their CPL 30.30 obligation. This contention is not based upon case law. (See, People v Kendzia, 64 NY2d 331.) In order to satisfy their requirements under CPL 30.30, the People are required to demonstrate to the court a present readiness. The mere filing of a supporting deposition without a further showing is insufficient to satisfy the "present readiness” requirements of People v Kendzia (supra).
Having found all time from arraignment on September 3, *78 1986 chargeable to the People, the court finds that the People’s failure to state their readiness on December 2, 1986 violated defendant’s CPL 30.30 right to a speedy trial. The filing of the statement of readiness on January 6, 1987 was beyond the statutorily permissible time limits.
Accordingly, defendant’s motion to dismiss must be granted.