OPINION OF THE COURT
L. Priscilla Hall, J.
The defendant, Michael Tufano, charged with violating Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree; Penal Law § 220.45, criminal possession of a hypodermic instrument and Penal Law § 260.10, endangering the welfare of a child, moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30.
*223 On October. 23, 1986 a misdemeanor complaint was filed charging the defendant with the above-mentioned crimes. The defendant was arraigned and the case was adjourned until November 10, 1986 and subsequently to December 18, 1986. On January 26, 1987 the People filed a lab report and made their announcement of readiness.
This criminal action was commenced with the filing of a misdemeanor complaint charging three class A misdemeanors. The People must, therefore, make an effective announcement of readiness within 90 days of that date (CPL 30.30 [1] [b]; People v Kendzia, 64 NY2d 331 [1985]). Since the defendant has shown a delay in excess of 90 days (i.e., Oct. 23, 1986-Jan. 26, 1987 — 95 days) the People must demonstrate that there are periods within that time which are excludable for purposes of a CPL 30.30 motion (CPL 30.30 [4]; People v Berkowitz, 50 NY2d 333, 349).
It is the contention of the defendant that since more than 90 days had elapsed between the filing of the complaint and the People’s announcement of readiness the charges must be dismissed.
The People’s position is that, after deducting excludable time periods, their announcement of readiness was timely made. Specifically, the People argue first that the time between the arraignment on the complaint and the first court date is excludable under People v Gaggi (104 AD2d 422, appeal dismissed 65 NY2d 636) and People v Brown (113 AD2d 812, 813). Secondly, the People contend that the delay from November 11, 1986 to January 26, 1987 was at the request of the defendant. A review of the court records and relevant case law reveals the People’s reliance misplaced as to the law in the first instance and misplaced as to the facts in the second.
Neither Brown (supra) nor Gaggi (supra) preclude charging the People with the time between arraignment on a complaint and the first court date. Both cases refer to the exclusion of time after the filing of the indictment, an instrument which serves to confer jurisdiction on the Supreme Court as an information would in the Criminal Court. More specifically, those courts held that the defendant’s failure to object to the periods of delay between the filing of the indictment and the arraignment and thereafter to the next court date was indicative of his consent thereto which would permit exclusion pursuant to CPL 30.30 (4) (b).
There are significant distinctions between the initial ar *224 raignment on a complaint and a subsequent arraignment on an indictment. In Brown (supra), as with the instant case, the action was commenced by the filing of a complaint in Criminal Court. In calculating time for CPL 30.30 purposes, the Brown court found virtually all of the preindictment time, including the period from the initial arraignment to the first court date, chargeable to the People. This court agrees and finds that the 18-day period between defendant Tufano’s arraignment and the first court date is not excludable.
The People further contend that the second period, from November 10, 1986 to January 26, 1987 (77 days), must be excluded, since it was a defense requested adjournment for the purpose of allowing the defendant to secure private counsel. A thorough examination of the court papers and the minutes of the proceedings discloses no evidence which would give credence to this argument. Quite to the contrary, both adjournments were caused by the People’s failure to have their file and their inability to proceed without it. Thus, this time period is also not excludable.
It is the opinion of this court that the People have failed in their obligation to show the excludability of the periods in contention. Accordingly, the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 is granted.