■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE T. HUGHES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendants were not denied their statutory right to a speedy trial (CPL 30.30). The People announced their readiness for trial at arraignment, 6 months and 2 days after commencement of the criminal action. Excluded from the time chargeable to the People, in the case of Wayne Hughes, is the period of three days from March 4, 1985 to March 7, 1985, which delay was occasioned by defense counsel's request for scheduling of the arraignment for March 6, and defendant's failure to appear until March 7 (CPL 30.30 [4] [b]). Excluded in the case of Michael Walker is the period of at least three days that defendant Walker was without counsel through no fault of the court (CPL 30.30 [4] [f]). Thus, the People's announcement of readiness was within the six-month limit (CPL 30.30 [1] [a]). The postannouncement delay caused by the victim's medical problems is also excludable (see, CPL 30.30 [3] [b]; [4] [g]; *People v Goodman,* 41 NY2d 888, 889). The prosecution's request for a short delay in the continuation of the suppression hearing to permit the victim to make arrangements for a baby-sitter did not demonstrate the People's lack of readiness. Any further delay in the continuation of the hearing was attributable to the court's calendar and was not chargeable to the People *(see, People v Brothers,* 50 NY2d 413, 417).

The suppression court properly refused to suppress the victim's in-court identification of defendant Hughes. The victim had known defendant Hughes before the commission of the crime and she had an independent basis for her identification.

The trial court properly denied defendants' motions to set aside the verdict made on the ground of newly discovered evidence. At the time of trial, at the latest, defendants' counsel became aware that the potential witness had been an eyewitness to the crime, yet they failed to ask for an adjourn-

ment to secure his attendance at trial. Moreover, before trial, counsel for defendant Hughes was aware of the existence of the witness and attempted to subpoena him, but failed to show that he exercised due diligence in ascertaining the witness's address.

Lastly, we reject defendants' contention that the victim's testimony was incredible as a matter of law. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, second degree.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.