■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, BRENDA RAMSEY, Appellant.

The defendant was arrested by the Mount Vernon police based upon a communication from the Yonkers police concerning a suspect in an attempted burglary there. The defendant was questioned by a Mount Vernon police detective and made admissions about a burglary in Mount Vernon. In addition, the defendant was identified in a photographic array by two witnesses in connection with another burglary in Mount Vernon. The defendant moved to suppress her statements and any in-court identifications on the ground that her arrest was not based on probable cause.

Although a police bulletin generally provides the requisite probable cause for an arrest by the receiving police agency, where the defendant challenges the legality of the arrest, the presumption of probable cause disappears and the People must demonstrate that the sender of the communication had probable cause for an arrest (see, People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210). We find that the evidence adduced at the hearing establishes that the Yonkers police had reasonable cause to believe that the defendant had committed a crime (CPL 140.10). The police acted upon information provided by a private citizen. Probable cause may be found to exist based solely on hearsay information as long as it appears that the informant has some basis of knowledge for that information and the information is reliable (see, People v Johnson, 66 NY2d 398, 402). Here the information was based on the informant's personal observations of the suspect's actions. Furthermore, a presumption of reliability attaches to information provided by a disinterested citizen informant (see, People v Hicks, 38 NY2d 90; People v Cantre, 95 AD2d 522, affd 65 NY2d 790).

The defendant also seeks suppression of her statements on

the ground that they were involuntarily made and that she was questioned in violation of her right to counsel. An interrogating officer who has actual or constructive knowledge of an unrelated pending charge against a defendant is under a duty to inquire if the defendant is represented by counsel on that charge (see, People v Bartolomeo, 53 NY2d 225; People v Williams, 114 AD2d 870, lv denied 67 NY2d 766). Here the suppression court credited the interrogating officer's testimony that he had no knowledge of the unrelated case pending against the defendant. Furthermore, the court rejected as incredible the testimony of the defendant and her mother that the defendant had not voluntarily waived her rights and that she was induced by threats and promises to falsely incriminate herself. We find no basis in the record to disturb the hearing court's determination since it had the advantage of seeing and hearing the witnesses. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.