■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LLOYD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 20, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Goodman, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that dismissal of the indictment is warranted based on the People's failure to present to the Grand Jury evidence of a photographic misidentification by one of several eyewitnesses. The People are not required to present to the Grand Jury all evidence in their possession that is favorable to the accused *(People v Lancaster,* 69 NY2d 20, 25-26, *cert denied* 480 US 922; *see also, People v Brewster,* 63 NY2d 419, 422; *People v Suarez,*

122 AD2d 861, *lv denied* 68 NY2d 817; *People v Isla,* 96 AD2d 789). The evidence before the Grand Jury included a positive photographic identification by another witness and a fingerprint identification, all of which were legally sufficient to sustain the indictment. We find that the photographic misidentification would not have had a material influence on the Grand Jury, and, as a credibility factor, was appropriately presented to the trial jury.

The hearing court properly denied suppression of the challenged identification evidence. Neither the photographic array nor the lineup was unduly suggestive. In any event, each witness had an ample independent basis for his or her in-court identification in that each had an ample opportunity to observe the defendant during the course of the crime from a few feet away, under very good lighting conditions, for several minutes *(see, People v Adams,* 53 NY2d 241; *People v Whitaker,* 126 AD2d 688, *lv denied* 69 NY2d 1011; *People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616, 920).

The defendant's claim that he was denied his right to a speedy trial pursuant to CPL 30.30 is without merit. Our review of the record reveals that substantial delays resulted from adjournments requested by or consented to by the defendant (CPL 30.30 [4] [b]); time during which the defendant was without counsel through no fault of the court (CPL 30.30 [4] [f]); pretrial motion practice by the defendant (CPL 30.30 [4] [a]); a continuance due to the unavailability of a material witness for *Wade* proceedings (CPL 30.30 [4] [g] [i]); and the detention of the defendant in another county despite diligent and reasonable efforts by the People to secure his appearance before the court by utilizing statutory procedures under CPL 560.10, none of which was chargeable to the People (CPL 30.30 [4] [e]; *cf., People v Billups,* 105 AD2d 795).

CPL 710.40 (3) is violated when defense counsel is compelled to commence jury selection before the determination of his *Wade* motion *(see,* CPL 710.40 [3]; *People v Blowe,* 130 AD2d 668). However, at bar, the record shows that the defendant was not compelled to begin jury selection. After meeting with the Hearing Judge and being advised that the *Wade* ruling would be forthcoming in a matter of hours, the defendant agreed to commence jury selection. In any event, assuming that defense counsel was compelled to begin jury selection, any error in going forward with jury selection was harmless in view of the overwhelming evidence of guilt, including the testimony of the complainant and two eyewitnesses, who

identified the defendant as the gunman in the robbery, and fingerprint evidence found at the scene.

We have considered the defendant's additional contentions and find them either to be without merit or addressed to errors which are harmless in view of the overwhelming evidence of the defendant's guilt. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.