■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO SEPULVEDA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 18, 1983, convicting him of illegal possession of a vehicle identification number plate (three counts), criminal possession of stolen property in the second degree (three counts), and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the

facts, by reducing the defendant's conviction under the sixth count of the indictment to criminal possession of stolen property in the third degree under Penal Law former § 165.40 (now Penal Law § 165.50) and vacating the sentence imposed thereunder. As so modified, the judgment is affirmed.

The defendant's contention that he was denied his statutory right to a speedy trial is without merit. At the speedy trial hearing, the parties agreed that the People were chargeable with a minimum of 136 days. Furthermore, on appeal, the People concede that they were correctly charged with the 27-day period between the filing of the felony complaint and December 9, 1981, when the defendant was rearrested on additional charges. However, all of the remaining 132 days of prereadiness delay are excludable, as they are comprised of a reasonable period of delay during which the defendant's pretrial motions were made and decided (CPL 30.30 [4] [a]), a period of delay resulting from the absence of the defendant (CPL 30.30 [4] [c]), a period during which the defendant was "without counsel through no fault of the court" (CPL 30.30 [4] [f]), and a period of delay "occasioned by exceptional circumstances" (CPL 30.30 [4] [g]) to wit, the death of a judge. Thus, the People were ready for trial within six months and the defendant's motion to dismiss the indictment under CPL 30.30 was properly denied.

As the People concede, the evidence adduced at trial was legally insufficient to support the defendant's conviction of criminal possession of stolen property in the second degree with respect to the 1974 Opel, as its value at the time the defendant possessed it was not established to have been in excess of $250 (see, Penal Law former § 165.45 [1]; § 155.20; cf., People v James, 111 AD2d 254, affd 67 NY2d 662). Thus, his conviction under the sixth count of the indictment has been reduced accordingly. As to the remaining charges of which the defendant was convicted, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. We note that the matter is not being remitted for resentence because the defendant has already served the maximum permissible sentence. Mangano, J. P., Bracken, Brown and Harwood, JJ., concur.