■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORTLANDT CHARLES, Appellant.—Appeal by the defendant

from two judgments of the County Court, Orange County (Patsalos, J.), both rendered April 14, 1987, convicting him of robbery in the third degree under indictment No. 204/86, upon a jury verdict, and robbery in the second degree under indictment No. 211/86, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials and identification testimony.

Ordered that the judgments are affirmed.

In the early morning hours of June 26, 1986, Sergeant Robert Kwiatsowski was driving his marked patrol car in the Town of Woodbury when he was waved down by the defendant, who was wearing only his undershorts. The defendant appeared very excited and upset, and told Kwiatsowski that he had been robbed at gunpoint by two males and two females riding in a blue Chevrolet automobile. At Kwiatsowski's invitation, the defendant got into the patrol car and the two searched for the blue Chevrolet automobile, which Kwiatsowski recalled seeing moments earlier. While in the car the defendant told Kwiatsowski that his assailants possessed a handgun and a hand grenade and that they supposedly robbed a bank in Middletown, a robbery with which Kwiatsowski was familiar from newspaper accounts which he had read and in which it was reported that a hand grenade had been used.

The patrol car ultimately caught up with the blue Chevrolet. Upon removing the occupants, two males and two females, from the car, Kwiatsowski observed an imitation hand grenade on the rear seat and clothes presumably belonging to the defendant on the floor. A search of the handbag of one of the female occupants of the vehicle produced an imitation pistol. The occupants of the car were placed under arrest for robbery and informed that they would also be questioned regarding the Middletown bank robbery. Upon hearing this, two of the occupants identified the defendant as the perpetrator of the bank robbery. The defendant, who was still sitting in the rear of the patrol car, then yelled out, "I fixed you guys, didn't I?". At this point, the defendant was no longer free to go and was read his *Miranda* rights. Both on the way to the police barracks and at the barracks, where he was again given the *Miranda* warnings, the defendant made inculpatory statements which he later sought to suppress as the fruits of an unlawful detention and as having been involuntarily made.

Based upon the foregoing, the hearing court properly deter-

mined that the police possessed probable cause to arrest the defendant *(see, People v Bero,* 139 AD2d 581; *People v Tidwell,* 122 AD2d 289). Contrary to the defendant's assertion on appeal, we are not dealing with a situation in which the information relied upon by the arresting officer was provided by an informant *(cf., People v Johnson,* 66 NY2d 398; *People v Ramsey,* 140 AD2d 638). Nor is there any indication in the record that the waiver of the defendant's *Miranda* rights and the statements made thereafter were anything other than knowing and voluntary.

Also without merit is the defendant's contention that he was denied a fair trial by the trial court's failure to declare a mistrial when, midway through jury selection, the defendant was informed, for the first time, of the existence of a witness who identified him from a photographic array. In fact, this witness's apparently inadvertent viewing of the array did not occur until after jury selection had commenced, at which point the defense was immediately informed and a *Wade* hearing was held. While the better practice may have been to have declared a mistrial at this juncture, given that the identification did not occur until after jury selection had already commenced, it cannot be said that the defendant was compelled to commence jury selection before the determination of his *Wade* motion *(see, People v Lloyd,* 141 AD2d 669, 670; *cf., People v Blowe,* 130 AD2d 668), or that he was deprived of his right to a fair trial. In any event, given the detailed nature of the defendant's statements and the existence of another eyewitness who identified the defendant at trial, any error in this regard was harmless beyond a reasonable doubt. Finally, the court's determination with respect to the *Wade* issue was, in all respects, proper.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.