■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN STEFANO, Respondent.—Order unanimously reversed

on the law, defendant's motion denied and indictment reinstated. Memorandum: County Court granted defendant's motion to dismiss the indictment on speedy trial grounds, and the People appeal. The issue is whether a 14-day period between August 24, 1988 and September 7, 1988 should be excluded from the computation of time in which the People were required to be ready for trial (see, CPL 30.30 [1] [a]). The parties agree that if the period is excluded, the People announced readiness for trial on the record in a timely manner.

Following his arraignment on August 23, 1988 on felony complaints charging aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3], [5]), defendant appeared in Greece Town Court on August 24, 1988. Having learned that he was not eligible to be represented by the Public Defender, defendant told the court "I will try to get an attorney." The court properly adjourned the case to permit the defendant to obtain counsel (see, CPL 180.10 [3], [4], [5]). On September 7, 1988, defendant again appeared in Town Court without an attorney. He told the court that he had an attorney but he asked for a further adjournment in order to finalize the necessary financial arrangements. The adjournment was granted, but the parties agree, at least for the purposes of this appeal, that on September 7, 1988 the case was waived to the Grand Jury. The District Attorney concedes that the time between September 7, 1988 and March 1, 1989, when the District Attorney announced readiness for trial, must be charged to the People.

County Court erred in dismissing the indictment. The 14-day period at issue should have been excluded as a "period during which the defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]; see, People v Boyd, 116 AD2d 978, affd 68 NY2d 613; see also, People v Sepulveda, 147 AD2d 720, lv denied 74 NY2d 669; People v Lloyd, 141 AD2d 669, lv denied 73 NY2d 787; People v Lloyd, 141 AD2d 671, lv denied 72 NY2d 920; People v Hughes, 136 AD2d 916; People v Greene, 134 AD2d 612, lv denied 71 NY2d 897). The indictment must be reinstated. (Appeal from order of Monroe County Court, Egan, J.—CPL 30.30.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.