■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRON HUGGINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered February 6, 1989, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his statutory right to a speedy trial. We disagree. The periods of delay directly resulting from the defendant's pretrial motion are not chargeable to the People (see, CPL 30.30 [4] [a], [b]; People v Worley, 66 NY2d 523, 527; People v Erts, 141 AD2d 665), nor are the delays to which the defendant failed to object, including the 41 days between the defendant's arraignment and his first scheduled court date which the trial court erroneously attributed to the People (see, People v Pappas, 128 AD2d 556; People v Gaggi, 104 AD2d 422). The total time properly chargeable to the People in this case was within the permitted six calendar months (see, e.g., People v Jones, 105 AD2d 179, 188, affd 66 NY2d 529). Accordingly, the defendant's motion to dismiss pursuant to CPL 30.30 was properly denied.

Finally, we conclude that certain statements made by the prosecutor during his summation do not warrant reversal. The proof of the defendant's guilt on the reckless endangerment charge was overwhelming and, given his acquittal on the other two charges, there was no significant probability that

the complained-of remarks affected the jury's verdict *(see, People v Scott,* 138 AD2d 421). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.