■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LEE, Appellant. [625 NYS2d 939] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 8, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

Any error in reopening the *Wade* hearing during trial at the People's request to determine whether there was an independent source for the witnesses' in-court identifications was harmless under the particular circumstances of this case *(see, People v Charles,* 156 AD2d 575; *People v Lloyd,* 141 AD2d 669). There was ample evidence to support the trial court's finding of an independent source. The witnesses, who could not be found immediately prior to trial for the independent source hearing, did not identify the defendant as the perpetrator or even place him at the scene of the crime. Rather, they testified that the defendant, the victim, her companion, and her daughter were in a restaurant, several blocks from the scene of the crime, prior to the murder. It was conceded that the defendant, the victim, and her family all lived together and, therefore, the victim's daughter, who was the sole eyewitness, was well acquainted with the defendant. There is no indication that the defendant's trial strategy was adversely affected by the timing of the hearing, nor was the hearing held after the testimony of the witnesses *(compare, People v Burts,* 78 NY2d 20). Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.