OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has moved to dismiss the indictment on the grounds that his statutory right to a speedy trial contained in *656 CPL 30.30 has been violated. A hearing was held on August 1, 1996, at which the People’s sole witness was Charles Weidinger, the Town Justice in the Town of Yorkshire. The defendant and his brother testified for the defense. I credit the testimony of Justice Weidinger and make the following findings of fact and conclusions of law.
FINDINGS OF FACT
Defendant was arrested for felony driving while intoxicated and aggravated unlicensed operation in the first degree on November 3, 1995, and was arraigned at approximately 3:00 a.m. In response to Judge Weidinger’s inquiry, defendant stated he wanted to hire a lawyer and the matter was adjourned until November 21, 1995, the next time an Assistant District Attorney would be present in Town Court. Defendant was released on his own recognizance when his brother came to pick him up.
On November 9, 1995, defendant’s attorney mailed a letter to the court noting that he represented the defendant and asked the court to let him know when defendant was to appear. Defendant appeared on November 21, 1995, without his attorney, and the case was adjourned until December 19, 1995. The court told defendant to appear with his attorney on that date. Neither defendant nor his attorney appeared on that date or on the next scheduled District Attorney night in January.
On the District Attorney night in January, the Assistant District Attorney suggested that a bench warrant be issued for defendant. Judge Weidinger issued one on February 10, 1996, but contacted attorney Vella as a courtesy to let him know that he was issuing the warrant. Mr. Vella asked the Judge to withdraw the warrant and indicated he would bring his client in on February 20, 1996. Defendant and his attorney appeared on February 20, 1996, spoke with the Assistant District Attorney and waived a preliminary hearing. The following day the paperwork was forwarded to the District Attorney’s office.
The case was submitted to the Grand Jury on May 3, 1996, and defendant was indicted for felony driving while intoxicated, aggravated unlicensed operation in the first degree and failure to keep right. On May 16, 1996, the People announced their readiness for trial and the defendant makes no claim of chargeable time thereafter.
*657 CONCLUSIONS OF LAW
For speedy trial purposes, the clock begins to tick when a felony complaint is filed (CPL 1.20 [17]; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). The People had six months from that date in which to announce their readiness, a period of 182 days (People v Cortes, 80 NY2d 201, 207, n 3; People v Rhee, 111 AD2d 655; People v Jones, 105 AD2d 179, affd 66 NY2d 529).
The adjournment from November 3, 1995, to November 21, 1995, is clearly chargeable to the defense whether it is called a continuance granted at the request of the defendant (CPL 30.30 [4] [b]) or the period during which defendant was without counsel through no fault of the court (CPL 30.30 [4] [f]; People v Hughes, 136 AD2d 916; People v Stefano, 159 AD2d 1016; People v Boyd, 116 AD2d 978, affd 68 NY2d 613; People v Sepulveda, 147 AD2d 720, lv denied 74 NY2d 669; People v Lloyd, 141 AD2d 669, lv denied 73 NY2d 787).
It is this court’s conclusion that the letter written by defense counsel to the Judge on November 9, 1995 does not alter any of these conclusions. The return date had been scheduled by Judge Weidinger at defendant’s initial arraignment. The fact that defendant contacted an attorney who wrote to the court prior to the adjourned date does not alter the fact that the period from November 3, 1995, to November 21, 1995, is excludable.
Defendant then appeared without an attorney on November 21, 1995. The court, knowing that defendant was represented by Mr. Vella, clearly could not proceed in counsel’s absence and adjourned the case to December 19, 1995, telling defendant to appear with his attorney on that date. Whether defendant and his attorney were not communicating, this court cannot say but the adjournment from November 21, 1995, until December 19, 1995, in this court’s opinion, is clearly chargeable to the defense (see, People v Allen, 108 AD2d 601, affd 66 NY2d 529). Were it otherwise, any defendant could repeatedly appear without his attorney and eventually exhaust the People’s time to declare ready, especially since they could not be ready while the felony case was pending in the local criminal court.
In People v Liotta (79 NY2d 841, 843), the Court of Appeals noted that "[t]he People’s contention that a defendant consents to an adjournment either by failing to object to the adjournment, or by defense counsel’s failure to appear is meritless.” *658 Taken literally, that phrase could mean that when defendant appeared in court on November 21, 1995, without his attorney, the period between then and the next scheduled appearance on December 19, 1995 is chargeable to the People.
It is difficult to believe that language should be construed literally; to do so gives every defendant an easy way to run up chargeable time — simply have the defense attorney miss a few appearances. The People clearly cannot answer ready while a felony charge is pending in a local criminal court and if the court simply bound defendant over for Grand Jury action when counsel failed to appear, defendant could plausibly claim he was denied his right to a preliminary hearing (see generally, People v Hodge, 53 NY2d 313). Clearly the Town Justice in that situation is in a catch-22 position.
It also appears to this court that higher courts’ pronouncements on CPL 30.30 fail to consider the differences between major metropolitan areas and more rural counties. In New York City, for example, there is at least one Grand Jury constantly in session; in upstate counties, a Grand Jury may meet once a week, once a month or even less frequently. The People do not have the luxury of immediate presentment in most cases and, thus, cases frequently remain in local courts for longer periods. In these courts, an Assistant District Attorney is generally present once a month, i.e., the "D.A. night”.
Thus, if the Liotta language is taken literally, the period between November 21, 1995, and December 19, 1995, could be chargeable to the People. Nonetheless, in this case, that period is not determinative. However, the District Attorney’s office would be well advised to heed the Court of Appeals admonition that the reasons for adjournments be clearly delineated on the record (see, People v Liotta, supra).
Defendant did not appear on December 19, 1995, nor did his attorney. Sometime in January, presumably on the "D.A.” night, the Assistant District Attorney suggested that the court issue a bench warrant. On February 10, 1996, the court issued the warrant but called Mr. Vella as a courtesy to let him know the warrant was being issued. Mr. Vella, when he returned the call, asked the court to withdraw the warrant and indicated he would have his client in court on February 20, 1996.
The period between December 19, 1995, and February 10, 1996, is chargeable to the People. CPL 30.30 (4) (c) provides that the period caused by the absence or unavailability of a defendant is excludable; however, a defendant is absent when his location is unknown and he is attempting to avoid apprehen *659 sion or his location cannot be ascertained. A defendant is unavailable when his location is known but his presence cannot be obtained by due diligence. Here, there is no evidence defendant was either absent or unavailable as those terms are used in the statute.
The period between February 10, 1996, and February 20, 1996, is excludable. Defense counsel had asked the court to withdraw the warrant and told Judge Weidinger he would have defendant in court on February 20, 1996. Since the bench warrant would have resulted in defendant’s apprehension and incarceration until February 20, 1996, this would appear to fall under the general panoply of an adjournment at the request of defense counsel (CPL 30.30 [4] [b]).
On February 20, 1996, after speaking with the Assistant District Attorney, defendant waived a preliminary hearing. The time between February 20, 1996, and the statement of readiness, which both parties agree was May 16,1996, is clearly chargeable to the People. No claim is made that any of the time after that is chargeable.
Accordingly, the period from December 19, 1995, until February 10, 1996, a period of 53 days, is chargeable to the People. Further, the period from February 20, 1996, to May 16, 1996, a period of 86 days, is also chargeable to the People. This brings the total time chargeable to the People to 139 days, which is well within the period in which they had to be ready in this case. If the period between November 21, 1995, and December 19, 1995, is includable, the total becomes 167 days, still within the applicable time. Accordingly, the motion to dismiss on speedy trial grounds is denied.