■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAKA MOXLEY, Appellant. [653 NYS2d 887] —Judgment affirmed. Memorandum: County Court properly denied defendant's motion to suppress the identification testimony of a prosecution witness. That witness knew defendant and thus had an independent basis for her in-court identification of him (see, People v Rodriguez, 79 NY2d 445, 450-452; People v Hughes, 136 AD2d 916).

Defendant argues that the court's charge to the jury was incomplete concerning a defense witness who on cross-examination on collateral issues invokes his right to remain silent (see, 1 CJI[NY] 7:14, at 289). By failing to object to the charge as given or to request a more complete charge, defendant failed to preserve that argument for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Defendant did not object to comments of the prosecutor on summation or to the prosecutor's cross-examination of a defense witness, thereby failing to preserve for our review his present argument that the prosecutor's misconduct deprived him of a fair trial (see, CPL 470.05 [2]). Defendant received effective assistance of trial counsel (see, People v Baldi, 54 NY2d 137, 147). Upon the record before us, we cannot review the

argument that defendant was denied effective assistance of appellate counsel. Defendant's remedy is to seek a writ of error coram nobis (*see, People v Bachert,* 69 NY2d 593).

All concur, Wesley, J., not participating. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.