■ The People of the State of New York ex rel. Chaka Moxley, Appellant, v Anthony Zon, as Superintendent of Wende Correctional Facility, et al., Respondents. [824 NYS2d 846]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered July 26, 2005 in a proceeding pursuant to CPLR article 70. The judgment denied the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied, without a hearing, petitioner's petition for a writ of habeas corpus. Petitioner was tried on charges of both intentional and depraved indifference murder in the second degree (Penal Law § 125.25 [1], [2]); he was acquitted of intentional murder, but convicted of depraved indifference murder. We affirmed his judgment of conviction in 1997 (*People v Moxley*, 236 AD2d 778 [1997], *lv denied* 89 NY2d 1097 [1997]), and he is currently incarcerated.

In this proceeding, petitioner for the first time avers that he intended to kill his victim and seeks a hearing at which he intends to prove that fact. He contends that, if he prevails at the hearing, the evidence would no longer support his conviction of depraved indifference murder pursuant to *People v Suarez* (6 NY3d 202 [2005]), *People v Payne* (3 NY3d 266 [2004], *rearg denied* 3 NY3d 767 [2004]), and *People v Gonzalez* (1 NY3d 464 [2004]) and, therefore, his release is required.

We need not determine whether the cases upon which petitioner relies changed the law because, even if they had, petitioner would not be entitled to release. Because the judgment of conviction is final, petitioner would be entitled to retroactive application of the cases upon which he relies only if they constituted a change in the law and if allowing the conviction to stand under that change in the law would amount to " 'manifest injustice' " (*People v Pepper*, 53 NY2d 213, 222 [1981], *cert denied* 454 US 967 [1981]). Even assuming, arguendo, that a change in the law did occur, we conclude that defendant would not be entitled to release because it cannot be said that petitioner's continued imprisonment would amount to manifest injustice. Because it appears from the petition that petitioner is not illegally detained, the petition was properly denied (*see*

CPLR 7003 [a]). Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.