opinion of the court
Memorandum.
The order of the Appellate Term should be reversed and defendant’s motion to dismiss on speedy trial grounds (CPL 30.30) denied.
Defendant was charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. While the prosecution was pending he made several pretrial motions.
Relevant here are motions he made on the eve of trial dates previously set. In each case the court took the motions under advisement, necessarily adjourning the trial. When the court subsequently decided the motions, it set a new trial date in its decisions. Upon the present motion to dismiss for delay, the court charged the People, in each instance, for the period of time from the court’s decision on the prior motions to the newly scheduled trial date set in its decision. Inasmuch as the District Attorney had indicated his readiness to proceed on the scheduled dates, the court should not have charged him with the delay following defendant’s motions (see People v Brothers, 50 NY2d 413; People v Hamilton, 46 NY2d 932). Nor were the People correctly charged with the full 30 days’ delay from December 6, 1982 to January 5, 1983. From December 14 until January 5, the court held under advisement defendant’s motion to reconsider its prior decision of December 6,1982 and that period of time should have been excluded.
On the record before us the People are responsible only for trial delay from April 23, 1982 to May 24, 1982, from October 7,1982 to November 3,1982 and from December 6, 1982 to December 14, 1982, a total of 66 days.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order *853 reversed and defendant’s motion to dismiss denied in a memorandum.