OPINION OF THE COURT
Roger S. Hayes, J.
This case presents the questions (1) whether a warrant *259 which is issued, and then, at the request of defense counsel stayed, stops the running of the People’s time to be ready for trial under CPL 30.30, and (2) what constitutes "due diligence” under CPL 30.30 (4) (c) when the defendant is charged with a class B misdemeanor.
I
The defendant is charged with violating Vehicle and Traffic Law § 600 (2) (a) — leaving the scene of an incident without reporting, a class B misdemeanor. The defendant has moved under CPL 170.30 (1) (e) and 30.30 to dismiss the accusatory instrument on the ground that she has been denied her statutory right to a speedy trial.
Pursuant to CPL 30.30 (1) (c), the People are required to be ready to proceed to trial within 60 days of the commencement of the action which occurred on November 12, 1985 when the defendant appeared in court in response to the desk appearance ticket issued to her following her arrest. (See, CPL 30.30 [5] [b].)
On November 12, 1985, the case was adjourned until December 5, 1985 for the People to file a corroborating affidavit. This 23-day period is chargeable to the People.
On December 5, 1985, the People had not filed the corroborating affidavit. On this date, the defendant did not appear in court. Her niece had previously telephoned the defense counsel and advised him that the defendant was ill, and would be unable to appear in court that day. The court ordered and then stayed a bench warrant, and the case was adjourned until January 23, 1986.
The defendant contends the 48-day period from December 5, 1985 until January 23, 1986 should be included in calculating the time charged to the People pursuant to CPL 30.30, claiming CPL 30.30 (4) (c) requires a court to issue and execute a bench warrant against an absent or unavailable defendant in order for the time to be excludable.
As to this 48-day period the court will not address this contention because the minutes of the December 5, 1985 court appearance reveal the defense counsel specifically requested January 23, 1986 as the adjourned date. Therefore, this adjournment is excludable pursuant to CPL 30.30 (4) (b) and People v Worley (66 NY2d 523 [1985]) as being on the consent of defense counsel.
*260 On January 23, 1986, the defendant again failed to appear. A bench warrant was then issued. On January 27, 1986, the defendant voluntarily came before the court on the bench warrant and the warrant was vacated. Thus, the four-day period from January 23, 1986 until January 27, 1986 is excludable pursuant to GPL 30.30 (4) (c).
On January 27, 1986, the defendant failed to appear. A bench warrant was then issued and stayed. On this date the People had still not filed a corroborating affidavit. The case was then adjourned until February 21, 1986. The defense contends this 25-day period is includable because the warrant was stayed and because the People failed to exercise due diligence in bringing the defendant before the court. On February 21, 1986 the defendant filed the instant motion.
II
GPL 30.30 (4) (c) provides that the following period is excludable in calculating time periods under GPL 30.30: "the period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
Thus, GPL 30.30 (4) (c) requires both the issuance of a warrant and the exercise of due diligence to secure the return of an absent or unavailable defendant in order for the time to be excludable.
Ill
In this case the court issued a warrant. The warrant was stayed to enable the defense attorney to secure his client’s voluntary appearance in court for the next adjourned date. By staying the warrant, the court prevents it being given to an appropriate peace officer who would attempt to execute it by *261 arresting the defendant. The court did not stay the issuance of the warrant, merely its execution. Therefore, the first requirement, the issuance of the warrant, is satisfied.
IV
The next question is whether the defendant was unavailable. In this instance, I find the defendant was unavailable and the People exercised due diligence to secure her presence for trial. Here, the defendant was charged with a class B misdemeanor, the lowest grade crime. Since the warrant was issued and stayed, the People could not have the defendant arrested for her failure to appear in court. What else were they reasonably to do? If they communicated with the defendant they might be accused of violating her right to counsel, or of causing her undue alarm. Logic and reasonableness required they allow the defendant’s attorney an opportunity to contact the defendant and to have her appear on the adjourned date. Due diligence in the prosecution of this class B misdemeanor required only that the People notify the court of the defendant’s absence, ascertain that a warrant was at least issued, even if stayed, and notify the defense attorney and get his cooperation to try and voluntarily secure the defendant’s presence on the next court date. Thus, the People exercise due diligence and I find the defendant was unavailable during this period.
Therefore, the 25-day period from January 27, 1986 to February 21, 1986 is excludable pursuant to CPL 30.30 (4) (c).
V
Although the defendant filed this motion on February 21, 1986, and normally all adjournments which are the direct result of a defense motion are excludable (CPL 30.30 [4] [a]), the People unreasonably delayed their response in this case. Therefore, the court finds the seven-day period from March 12, 1985 to March 19, 1986 is chargeable to the People.
VI
In this case, only 30 days are properly charged to the People. Therefore, the defendant’s motion to dismiss the information is denied.