■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LORENZO GREENE, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feldman, J.), dated July 12, 1985, as, after a hearing, granted that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30 (1) (a).

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to dismiss the indictment pursuant to CPL 30.30 (1) (a) is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The Supreme Court erred in dismissing the indictment pursuant to CPL 30.30 on the ground that the People had exceeded the allowable six-month statutory period of 184 days by 14 days. We find that in addition to the periods of delay properly excluded by the Supreme Court, the following periods of delay are also excludable, shortening the period of delay chargeable to the People to less than six months.

First, the period from May 17, 1983 to June 21, 1983, was properly excludable as a period during which the defendant was without counsel through no fault of the court (CPL 30.30 [4] [f]). Although delay attributable to the fault of the court in obtaining counsel for a defendant is not excludable, the first time the defendant requested the assignment of counsel was at his arraignment on May 17, 1983. Accordingly, the reasonable period of time which elapsed in the appointment process is not attributable to the prosecution (see, People v Smith, 81 AD2d 965, 966). The exclusion of this 35-day period brings the

People well within the applicable six-month statutory period since the Supreme Court found that they had only exceeded it by 14 days.

Second, the period from July 12, 1983 to August 26, 1983, was properly excludable because the defendant was absent despite the due diligence of the People in attempting to secure his presence by having a warrant issued for his arrest (see, CPL 30.30 [4] [c]; see, People v Fischer, 132 Misc 2d 258, 261). Accordingly, an additional 45 days are excludable.

We note that the delay between the filing of the indictment and the defendant's arraignment was properly charged to the People by the Supreme Court, despite the defendant's failure to object to that delay, because the defendant was without counsel at his arraignment, and there was no evidence that he was advised of his right to a speedy trial at or prior to his arraignment (see, CPL 30.30 [4] [b]; cf., People v Pappas, 128 AD2d 556; People v Baker, 131 AD2d 491). We reject the People's contention that exclusions pursuant to CPL 30.30 (4) (a), which do not require the defendant's consent, can be invoked to exclude the time between the filing of an indictment and arraignment as "a reasonable period of delay resulting from other proceedings concerning the defendant" (cf., People v O'Neal, 99 AD2d 844).

Finally, the defendant may raise his claim that the hearing court erroneously denied that branch of his motion which was to dismiss the indictment on the ground of prosecutorial overreaching on appeal from a judgment of conviction, but may not do so now (see, People v Goodfriend, 64 NY2d 695, 697-698). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.