■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN HINTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered August 3, 1990, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Douglass, J.), after a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the judgment is reversed, on the law, the motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In May 1983 the defendant was indicted, *inter alia,* for assault in the first degree. He subsequently absconded from the jurisdiction, and five years later, in June 1988 the Kings County District Attorney's Office learned that the defendant was serving an unrelated prison sentence in a Federal prison in Indiana. Pursuant to the Interstate Agreement on Detainers (hereinafter IAD) (CPL 580.20), the Extraditions Unit of the District Attorney's Office, on August 22, 1988, commenced extradition proceedings against the defendant, by sending certain forms to the Indiana prison where the defendant was incarcerated.

On April 27, 1989, the Extraditions Unit received a letter from the Indiana prison officials stating that they had received the forms but that it would not be necessary to extradite the defendant pursuant to the IAD, as the defendant would be turned over to local Indiana authorities at the end of his sentence on June 22, 1989. Attached to the letter was a copy of a letter dated December 12, 1988, directed by the Indiana prison officials to the Kings County District Attorney's Office, but addressed and sent to the Department of Correctional Services in Albany, New York. The December 12, 1988, letter referred to a September 12, 1988, letter, also directed by the Indiana prison officials to the Kings County District Attorney's Office, but sent to Albany.

On June 2, 1989, the local Indiana Sheriff's office took custody of the defendant. The defendant then waived extradition and was returned to New York to stand trial.

The issue on appeal is whether the prosecution's failure to take action to obtain the defendant's presence in New York for eight months after extradition proceedings were commenced in August 1988 pursuant to the IAD, should be charged against the People. We hold that under the circumstances of this case, the prosecution did not exercise due diligence in producing the defendant for trial, and that, therefore, the eight months should be chargeable against the People.

CPL 30.30 (1) (a) provides that the People must be ready for trial within six months after the commencement of a criminal action involving a felony. However, where a defendant is detained in another jurisdiction and the District Attorney is aware of the detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial, that period of time must be excluded from the six-month period of CPL 30.30 (1) (a) (CPL 30.30 [4] [e]). The burden is on

the People to prove that a period of delay should be excluded (*see, People v Santos,* 68 NY2d 859, 861).

The People here argue that they fully complied with the procedures set forth in the IAD, and that the delay in extraditing the defendant resulted from the Indiana prison officials' delay in mailing their correspondence to the Department of Correctional Services in Albany, an error which cannot be charged to the People. However, although the Indiana prison officials sent two letters which were improperly addressed to the Department of Correctional Services in Albany, rather than to the Kings County District Attorney's Office, the Department of Correctional Services, a New York State agency, failed to forward those letters to the Kings County District Attorney. We hold that the People, and not the defendant, should bear the burden for that failure (*see, People v Jones,* 105 AD2d 179, 186, *affd* 66 NY2d 529).

Accordingly, the defendant's motion is granted and the indictment is dismissed. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.