■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID PARKER, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County (Carey, J.), entered September 23, 1991, as, upon reargument, adhered to its original determination in an order dated August 2, 1991, granting that branch of the defendant's omnibus motion which was to dismiss the indictment on speedy trial grounds.

Ordered that the order is reversed insofar as appealed from, on the law, the order dated August 2, 1991, is vacated, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.

The County Court erred in charging to the People a period of three days which had elapsed between the defendant's failure to appear in court and the subsequent issuance of a bench warrant for his return. The record reveals that upon the defendant's failure to appear, the court purposely delayed the formal issuance of the bench warrant for three days as an accommodation in order to permit the defendant to appear voluntarily. The defendant, however, absconded and was subsequently located in Connecticut where he had been arrested for burglary.

Although the three-day "grace period" was extended solely for the defendant's benefit, the County Court nevertheless charged this time period to the People, reasoning that any exclusion could commence, at the earliest, only upon the formal issuance of the warrant. We disagree. Inasmuch as the defendant was clearly "absent" within the meaning of CPL 30.30 (4) (c), the three days which elapsed between his failure to appear and the formal issuance of the warrant should also

have been excluded. To hold otherwise would be to reward the defendant for flouting the court's attempt to accommodate him and to unfairly penalize the People who in no sense contributed to the brief delay *(cf., People v Bolden,* 174 AD2d 111).

Further, the County Court erred in charging five days to the People upon concluding that the local Town Court, which had arraigned the defendant, was at fault in failing to immediately assign counsel to him. The record contains no evidence supportive of the conclusion that the period during which the defendant was without counsel was the court's "fault" (CPL 30.30 [4] [f]). Moreover, and under the circumstances presented, a brief delay of five days in the assignment of counsel was reasonable *(cf., People v Greene,* 134 AD2d 612; *People v Smith,* 81 AD2d 965; *see also,* CPL 30.30 [4] [a]).

We agree with the People that the court erred in declining to exclude the period during which the defendant was being detained in Connecticut. We have recently observed that "where a defendant is detained in another jurisdiction and the District Attorney is aware of the detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial, that period of time must be excluded from the six month period of CPL 30.30 [1] [a])" *(People v Hinton,* 181 AD2d 696; *see,* CPL 30.30 [4] [e]).

The record here demonstrates that the People made reasonable and diligent efforts to obtain the defendant's presence under the circumstances presented. Although the defendant contends that the People erred in using a writ pursuant to CPL 650.20 to bring him back to New York instead of utilizing the "Interstate Agreement on Detainers" (CPL 580.20), the record demonstrates that the People's efforts—which did result in the defendant's timely production in New York—were undertaken in good faith and with reasonable dispatch under the circumstances presented. In light of the foregoing, the period during which the defendant was detained in Connecticut should have been excluded pursuant to CPL 30.30 (4) (e).

When the above time periods are deducted from the time attributable to the People, the defendant was not denied a speedy trial. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.