■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EDWARDS, Appellant. [626 NYS2d 825] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered June 8, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (West, J.), of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

Ordered that the judgment is affirmed.

The County Court correctly determined that the People were ready for trial within the statutorily prescribed six-month period from the filing of the felony complaint *(see, People v Osgood, 52 NY2d 37, 43)*. Contrary to the defendant's contention, the County Court properly excluded the three-day period from August 31, 1991, to September 3, 1991. This delay was a reasonable period of time which elapsed for the purposes of assigning counsel and was not attributable to the People *(see, People v Middlemiss, 198 AD2d 755; People v Parker, 186 AD2d 593; People v Greene, 134 AD2d 612; cf., People v Cortes, 80 NY2d 201)*.

On October 29, 1991, the defendant's attorney requested a felony hearing and the matter was adjourned to November 12, 1991 for that purpose. The court properly excluded this period *(see, CPL 30.30 [4] [b])*.

Where the People make no objection to a CPL 210.30 motion seeking inspection of the Grand Jury minutes, the People's obligation to produce the minutes within a reasonable time begins to run from the date the defendant's CPL 210.30 motion is made *(see, People v Harris, 82 NY2d 409)*. The defendant filed his motion on April 7, 1992. The People consented to the inspection in their response papers dated April 22, 1992, and promptly ordered the Grand Jury minutes.

The People received and delivered the minutes to the defendant on or about May 12, 1992. This 35-day period is reasonable under the circumstances and not chargeable to the People. The period between May 13, 1992 and May 20, 1992, during which the court was deciding an issue concerning the Grand Jury minutes was also properly excluded (see, People v Moorehead, 61 NY2d 851; People v Robinson, 171 AD2d 475).

Accordingly, the People were ready well within the statutory period and not in violation of CPL 30.30.

The defendant's contention that the People failed to prove that the defendant had knowledge that he possessed 500 milligrams or more of cocaine is unpreserved for appellate review (see, People v Hill, 85 NY2d 256; People v Logan, 74 NY2d 859; People v Smalls, 208 AD2d 778; People v Okehoffurum, 201 AD2d 508), and we decline to review it in the exercise of our interest of justice jurisdiction. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.