■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY A. ATKINS, Appellant. [765 NYS2d 700] —Carpinello, J. Appeals (1) from a judgment of the County Court of Essex County (Halloran, J.), rendered November 1, 2001, upon a verdict convicting defendant of the crime of robbery in the first degree, and (2) from a judgment of said court, rendered November 20, 2001, which resentenced defendant.

Defendant's conviction arises from her part in an August 1998 robbery of a convenience store in the Town of Ticonderoga, Essex County. In May 2000, she was charged by indictment as an accomplice to the crimes of robbery in the first degree, criminal possession of a weapon in the fourth degree and menacing in the second degree. After the first count of this indictment proved defective, defendant and Dale Peake, another participant in the robbery, were jointly indicted for these same crimes and the initial indictment was dismissed. Subsequently, a third, superceding indictment charged defendant and Peake with the original crimes, as well as petit larceny. At the time of filing of each of these indictments, the People announced their readiness for trial.

In April 2001, defendant moved to dismiss the superceding indictment on speedy trial grounds. County Court granted the motion with respect to the petit larceny charge, but otherwise denied it. The cases against defendant and Peake were then severed and, after trial, a jury convicted defendant of robbery in the first degree. Defendant was initially sentenced to a determinate 10-year prison term, but was subsequently resentenced to a 7½ to 15-year term when County Court learned that determinate sentencing did not apply to the crime. Defendant appeals.

Initially, we reject defendant's contention that she was

denied her statutory right to a speedy trial. She argues that the People were not actually ready for trial until the filing of the third indictment in March 2001, more than six months after the criminal action was commenced (*see* CPL 30.30 [1] [a]). Because a count of the initial indictment was fatally flawed, we agree that the People's announcement of readiness at the time of the filing of that indictment was illusory and, thus, the period up to the filing of the second indictment must be charged to the People as preindictment delay (*see People v Cortes,* 80 NY2d 201, 211 [1992]; *People v Lomax,* 50 NY2d 351, 356 [1980]; *People v Flowers,* 240 AD2d 894, 895 [1997], *lv denied* 90 NY2d 1011 [1997]). However, the People again announced their readiness for trial when the second indictment was filed, and we see no indication that they were unprepared to try defendant (as opposed to Peake) on the charges contained therein at that time. Inasmuch as the People were prepared to proceed to trial within six months of the commencement of the action, defendant's speedy trial rights were not impaired with respect to the crimes in the second indictment.

Defendant also challenges the evidentiary support for her conviction. Because she was charged as an accessory, the People were required to prove that defendant knowingly aided and participated in the plan to forcibly steal property by threatening to use a dangerous instrument (*see* Penal Law §§ 20.00, 160.15 [3]; *People v Horsey,* 304 AD2d 852 [2003]; *People v Valderrama,* 285 AD2d 902, 903-904 [2001], *lv denied* 97 NY2d 659 [2001]). The evidence adduced at trial established that a man entered the convenience store, held a knife to the throat of a store employee while the cash registers were emptied and fled in a white car driven by another person. Two witnesses testified at trial that defendant admitted to them that she had fully participated in the planning and execution of this robbery. Specifically, defendant admitted that she was aware that Peake had stolen a knife to commit the crime, drove with him to the convenience store that day, waited in the running car while he committed the robbery and then drove away. Viewing this evidence in the light most favorable to the People (*see People v Taylor,* 94 NY2d 910, 911 [2000]; *People v Contes,* 60 NY2d 620, 621 [1983]), we find it sufficient for a rational jury to conclude that defendant acted as an accomplice to the crime of robbery in the first degree. Viewing this evidence in a neutral light, we similarly conclude that the conviction was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Defendant's remaining contentions, including her challenge

to the severity of the sentence, have been considered and found to be unavailing.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed.