■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BROWN, Appellant. [803 NYS2d 304]—

Lahtinen, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 5, 2004, upon a verdict convicting defendant of the crime of aggravated harassment of an employee by an inmate.

Defendant, an inmate, allegedly threw feces on a correction officer. He was indicted in August 2002 for aggravated harassment of an employee by an inmate. That indictment, however, was dismissed when County Court determined that defendant had not been given adequate notice of the grand jury proceedings. He was eventually indicted by another grand jury for the same crime. County Court denied defendant's motion to dismiss the second indictment upon statutory speedy trial grounds (*see* CPL 30.30). Following a jury trial, he was found guilty and sentenced to a term of 2½ to 5 years in prison. Defendant appeals.

Initially, defendant asserts that his statutory speedy trial rights were violated. The People must be ready for the trial of a felony within six months of commencement of the action (*see* CPL 30.30 [1] [a]). The actual number of days may vary slightly since the six months is measured by calendar months (*see People v Cortes*, 80 NY2d 201, 207 n 3 [1992]) and, here, the parties agree that the People had 184 days. Failure to be ready within such time "will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded" (*People v Chavis*, 91 NY2d 500, 504-505 [1998]).

The first indictment was handed up on August 21, 2002. The People declared readiness for trial on October 30, 2002. On November 4, 2002, defendant moved to dismiss the indictment and that motion was granted by County Court on January 31, 2003. The matter was re-presented to a grand jury on February 25, 2003 and, although defendant was present, his attorney failed to appear, ostensibly because he was on vacation. Defendant was granted an adjournment, but on the adjourned date of March 18, 2003 the steps necessary to have defendant transported from a correctional facility had not been taken. The matter was adjourned to April 22, 2003 and, at such time, defendant's attorney revealed he had a conflict and withdrew as the attorney for defendant. A new attorney filed a notice of appearance on April 28, 2003. Defendant and his new counsel appeared at the grand jury proceeding on May 13, 2003 (defendant elected

not to testify), he was indicted on June 4, 2003 and on that same date the People declared their readiness.*

Although there were successive indictments, the six-month readiness time frame started running on August 21, 2002 because "an indictment which replaces an earlier one in the same criminal action should be related back to the original accusatory instrument" (*People v Sinistaj*, 67 NY2d 236, 237 [1986]; *People v Atkins*, 309 AD2d 971, 972 [2003], *lv denied* 3 NY3d 636 [2004]). Hence, the 287 days between August 21, 2002 and June 4, 2003 are chargeable to the People. Moreover, the People concede that they are chargeable for a seven-day period in October 2003 when they failed to be ready for pretrial motions. In light of the total of 294 days, the next issue becomes whether the prosecution established sufficient excludable periods to prevent dismissal.

Defendant acknowledges that the 88 days it took County Court to render its decision on defendant's motion to dismiss the original indictment (November 4, 2002 to January 31, 2003) should be excluded (*see* CPL 30.30 [4] [a]; *People v Moorhead*, 61 NY2d 851, 852 [1984]). In addition, we find excludable the 21 days from when defense counsel failed to appear with his client before the scheduled grand jury proceeding (February 25, 2003) to the adjourned date (March 18, 2003) (*see* CPL 30.30 [4] [f]; *People v Reed*, 19 AD3d 312, 318 [2005]; *People v Mannino*, 306 AD2d 157, 158 [2003], *lv denied* 100 NY2d 643 [2003]) and the six days from when defense counsel withdrew (April 22, 2003) until new counsel appeared (April 28, 2003) (*see People v Aubin*, 245 AD2d 805, 806-807 [1997]; *People v Edwards*, 215 AD2d 498, 498 [1995]; *People v Parker*, 186 AD2d 593, 594 [1992], *lv denied* 81 NY2d 845 [1993]). These three excludable time periods reduce the total days chargeable to the People to 179. Since this satisfies the statutory requirement, we need not address the People's argument regarding further times they claim should be excluded.

The remaining issues asserted by defendant do not require extended discussion. A videotape of the incident was received without objection and, thus, defendant's challenge to its admissibility was not preserved for review (*see People v Van Guilder*, 282 AD2d 773, 773 [2001], *lv denied* 96 NY2d 836 [2001]). Nor

---

* Defendant's argument on appeal that the written notice of readiness was defective and that the People did not properly declare their readiness until June 23, 2003 was not raised before County Court and thus has not been preserved for review (*see People v Goode*, 87 NY2d 1045, 1047 [1996]). Indeed, in his speedy trial motion papers, defendant acknowledged June 4, 2003 as the date the People announced their readiness.

was defendant denied a fair trial or the effective assistance of counsel (see generally *People v Henry*, 95 NY2d 563, 565-566 [2000]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.