People v Oyakhilome (2023 NY Slip Op 50787(U))

[*1]

People v Oyakhilome (Emmanuel)

2023 NY Slip Op 50787(U)

Decided on July 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-306 S CR

The People of the State of New York, Appellant,
against
Emmanuel Oyakhilome, Respondent. 

Suffolk County District Attorney (Timothy P. Finnerty of counsel), for appellant.
Scott Lockwood, for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Paul E. Hennings, J.), dated April 30, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied and the matter is remitted to the District Court for all further proceedings.
Defendant was charged with assault in the third degree, a class A misdemeanor (Penal Law § 120.00 [1]). Consequently, the People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]). For statutory speedy trial purposes, the instant action was commenced on November 25, 2020, the date on which defendant appeared in court for the first time in response to a desk appearance ticket (see CPL 30.30 [7] [b]; People v Stirrup, 91 NY2d 434 [1998]). On that date, the court appointed a temporary counsel to represent defendant solely for the arraignment, and a plea of not guilty was entered. The court advised defendant that he should have an attorney going forward and the matter was adjourned to January 29, 2021 so that defendant could retain one. On January 29, 2021, the People announced their readiness for trial. On March 18, 2021, defendant moved to dismiss the accusatory instrument on speedy trial grounds, arguing that the statement of readiness made in open court on January 29, 2021 was invalid because the People had not certified, pursuant to CPL 30.30 (5-a), [*2]that the accusatory instrument was sufficient. Thereafter, on March 30, 2021, the People filed a certificate of compliance (see CPL 245.50) which included a statement of readiness and a statement that the charge in the information was legally sufficient. By order dated April 30, 2021, the court granted defendant's motion upon finding that the People exceeded the 90-day period since they had not certified that the charge was legally sufficient (CPL 30.30 [5-a]).
Contrary to the District Court's analysis of the issue, the 65 days from November 25, 2020 to January 29, 2021 should have been excluded as time during which "the defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]; see People v Greene, 134 AD2d 612 [1987]). The exclusion of this 65-day period brings the People well within the applicable 90-day statutory period, as only 48 days could be chargeable to the People from January 29, 2021 to March 18, 2021 when defendant filed his motion to dismiss the accusatory instrument on speedy trial grounds (see CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523, 527 [1985]). Consequently the motion should have been denied.
In view of the foregoing, we need not reach the remaining issue raised on appeal with respect to CPL 30.30 (5-a).
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied and the matter is remitted to the District Court for all further proceedings.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 20, 2023