People v Stewart (2025 NY Slip Op 51727(U))

[*1]

People v Stewart

2025 NY Slip Op 51727(U)

Decided on October 29, 2025

Supreme Court, Kings County

Cesare, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2025
Supreme Court, Kings County

The People of the State of New York,

against
Corey Stewart, Defendant.

Ind. No. 71184-2024

For Defendant: Jonathan A. Fink, Esq.
For the People: Gabriella DiCapri, Esq.

Heidi C. Cesare, J.

Defendant moves to dismiss the indictment pursuant to Criminal Procedure Law § 30.30. He argues that the belated disclosure of certain discovery items renders the initial certificate of discovery compliance (CoC) invalid and the accompanying statement of readiness for trial illusory. For the reasons explained below, the motion is denied.
I. Factual Background
Defendant is charged by indictment with felony offenses arising from allegations that he fired a handgun at another person on February 10, 2024, on 86th Street in Brooklyn. An eyewitness identified defendant in a photographic array, and police issued an I-Card for his arrest. On February 13, 2024, police officers in the Warrant Squad arrested defendant at 100 Centre Street, New York, NY
On March 18, 2024, defendant was arraigned on the indictment in Supreme Court. On June 20, 2024, the assigned assistant district attorney filed a CoC and statement of readiness for trial.
On February 25, 2025, the assigned assistant provided defendant with police body-worn camera (BWC) recordings of the police officers on the Warrant Squad who had arrested defendant. The assigned assistant filed a supplemental CoC and statement of readiness for trial.
On March 17, 2025, the assigned assistant disclosed "additional ballistics evidence ('LIMS')" to the defense and served a supplemental CoC and statement of readiness for trial. This evidence included a police laboratory report, dated March 28, 2024, that stated the results of a microscopic examination of certain shell casings related to the case.
On April 9, 2025, defense counsel reviewed the discovery and emailed the assigned assistant to request disclosure of the affidavit submitted in support of the search warrant related to this case.
On April 16, 2025, the assigned assistant disclosed the supporting affidavit to the defense and filed a supplemental CoC and statement of readiness for trial.
In papers dated August 17, 2025, defendant argues to invalidate the CoC on the ground that the district attorney belatedly disclosed (1) the police BWC recordings of the Warrant Squad police officers who arrested defendant; (2) a police laboratory report, dated March 28, 2024, that contained the results of microscopic comparison of certain shell casings; and (3) the affidavit submitted in support of the search warrant. He argues that the district attorney should, therefore, be charged with the 300 days of delay from June 20, 2024, through April 16, 2025.
II. Discussion
A. The CoC Challenge
This court must first decide whether the motion to challenge the CoC is timely. Under the rules in effect when the initial CoC was filed, defendant needed to object to the sufficiency of the discovery as soon as practicable after the CoC was filed (see CPL 245.50 former [4]). Specifically, the statute required defendant to "notify or alert" the prosecutor "as soon as practicable" of any "potential defect or deficiency related to a [CoC] or supplemental [CoC]" (id. at former [4] [b]). The statute also mandated that a challenge to the sufficiency of the CoC "shall be addressed by motion as soon as practicable" (id. at former [4] [c]). A motion to challenge a CoC filed in violation of those rules may be denied as untimely (see People v Seymour, 84 Misc 3d 23, 25 [App Term, 2d Dept, 9th and 10th Jud Dists], lv denied 42 NY3d 1022 [2024]).
Defendant did not object as soon as practicable to the sufficiency of the discovery. The three belatedly disclosed items of discovery were obvious missing discovery. Defendant should have realized upon receipt of the discovery that he had not been provided with the police BWC recordings documenting the arrest. He also should have realized that the supporting affidavit was missing from the other materials related to the search warrant that were provided. As for the microscopic comparison report, the discovery provided before the CoC was filed included a notification that the shell casings were suitable for microscopic comparison. Defendant should have realized that the discovery did not include a police microscopic comparison report and asked the assigned assistant if this report existed. Defendant does not explain why no discovery objection was raised until approximately ten months after the CoC was filed (see People v Flowers, 213 AD3d 692, 693 [2d Dept 2023]). Under the circumstances, the motion to challenge the CoC is denied as untimely.
In any event, the record establishes that the assigned assistant acted in good faith and exercised due diligence to comply with automatic discovery (see CPL 245.50 [5]). Two of the statutory factors for assessing due diligence cut against a finding of due diligence: the case against defendant was not complex (see People v McMahon, 237 AD3d 746, 751 [2d Dept 2025) and the discovery lapses resulted from prosecutorial inattentiveness. In explaining the lapses, the assigned assistant admittedly was slow to realize that a 2023 change in police policy meant that the police officers in the Warrant Squad wore body cameras on the day of defendant's arrest and that those recordings had not been requested from the police department. The assigned assistant also did not realize that the microscopy report was missing until conducting a review of the case in March 2025. And the assigned assistant apparently did not realize that the supporting affidavit for the search warrant was missing until defense counsel pointed that out.
The remaining statutory factors, however, support a finding that the assigned assistant exercised due diligence to provide automatic discovery. The discovery provided by June 20, 2024, as reflected in the inventory of discovery that accompanied the initial CoC, was [*2]voluminous. The number of outstanding discovery items was small. The assigned assistant self-reported two of the discovery lapses and promptly fixed them "without court intervention" (CPL 245.50 [5]). Upon being apprised of the missing supporting affidavit for the search warrant application, the assigned assistant promptly obtained that item and disclosed it to the defense. The record contains no evidence that these discovery lapses prejudiced the defense or impeded defendant's ability to investigate the case or prepare for trial. In the end, all three lapses were "easily remedied" and "corrected" (id.). After considering the statutory factors for assessing due diligence, this court finds that the assigned assistant exercised due diligence to comply with automatic discovery. Therefore, the motion to challenge the CoC filed on June 20, 2024, is denied and the CoC is deemed valid (see CPL 245.50 [5] [b]).
B. The Speedy Trial Time Computation
Under New York's speedy trial statute, the district attorney must be ready for trial within six months of when the felony complaint was filed on February 14, 2024 (see CPL 1.20 [8], [16], [17]; 30.30 [1] [a]; 100.05; People v Osgood, 52 NY2d 37, 50 [1980]). The applicable six-month period, as measured by the number of days in the six calendar months after the felony complaint was filed, is 182 days (see People v Cortes, 80 NY2d 201, 207 n 3 [1992]; People v Bernier, 141 AD2d 750, 754 [2d Dept 1988]).
The speedy trial requirement is now "tethered" to the district attorney's obligation to provide automatic discovery (People v Bay, 41 NY3d 200, 209 [2023]). In the absence of "an individualized finding of special circumstances" the district attorney "shall not be deemed ready for trial" under Criminal Procedure Law § 30.30 unless the district attorney has completed automatic discovery and filed a proper certificate of good faith discovery compliance (CPL 245.50 [3]). A statement of readiness for trial not "accompanied or preceded" by a proper certificate of compliance (CPL 30.30 [5]) must be "stricken as illusory" (People v Bay, 41 NY3d at 213). An illusory statement of readiness for trial is "insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994]).
To determine whether the district attorney was ready for trial within the applicable six-month period, this court must compute the number of days that elapsed between the start of the criminal action and the statement of readiness, subtract any statutorily excludable periods of delay, and add "any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d at 208). If the district attorney was not ready within the applicable six-month period, the indictment must be dismissed upon motion of the defendant (see CPL 210.20 [1] [g]; 30.30 [1] [d]; People v Price, 14 NY3d 61, 63 [2010]).
When moving to dismiss the indictment based upon a statutory speedy trial violation, a defendant must initially allege that the district attorney was not ready within the applicable period (see People v Goode, 87 NY2d 1045, 1047 [1996]; People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Cotto, 240 AD3d 1311, 1312 [4th Dept 2025]; People v Ryan, 237 AD3d 754, 755 [2d Dept 2025]). The burden then shifts to the district attorney to prove "that certain periods within that time should be excluded" (People v Berkowitz, 50 NY2d 333, 349 [1980]; see People v Brown, 28 NY3d 392, 403 [2016]). The defendant must then "identify the specific legal and factual impediments to those exclusions" (People v Beasley, 16 NY3d 289, 292 [2011]). This court may decide the motion summarily if the motion papers do not raise a dispute about a material fact that must be resolved at a hearing (see People v Allard, 28 NY3d 41, 45-46 [2016]; People v Gruden, 42 NY2d 214, 215 [1977]).
The district attorney is charged with the delay between defendant's arraignment on the [*3]felony complaint in Criminal Court on February 14, 2024, and his arraignment on the indictment in Supreme Court on March 18, 2024 (see People v Cortes, 80 NY2d at 213 & n 5; People v Correa, 77 NY2d 930, 931 [1991]; People v Lisene, 201 AD3d 738, 740 [2d Dept 2022]; People v Owens, 209 AD2d 549, 550 [2d Dept 1994]). (33 days charged.)
At the Supreme Court arraignment, the court granted the defendant's pro se motion for new counsel. Defense counsel from The Legal Aid Society was relieved and attorney Craig Newman, Esq., was assigned to represent defendant. Defense counsel withdrew a pro se motion to dismiss the indictment pursuant to Criminal Procedure Law § 190.50 that defendant had filed on an earlier date and stated that he would be filing his own Criminal Procedure Law § 190.50 motion to dismiss. Defendant also asked the court to inspect the grand jury minutes, and the court adjourned to May 7, 2024, for a decision on that request and for the district attorney to complete automatic discovery.
On April 4, 2024, defendant filed a motion to dismiss the indictment pursuant to Criminal Procedure Law § 190.50, which the court denied on April 29, 2024.
The delay from March 18, 2024, to May 7, 2024, is excludable (see CPL 30.30 [4] [a]; People v Moorhead, 61 NY2d 851, 852 [1984]). Contrary to defendant's argument, the applicability of the statutory exclusion for motion practice delay does not depend on whether a defense motion is written or require a showing that the pending motion interfered with the district attorney's "filing their COC and stating ready for trial" (Fink aff in supp of mot at ¶ 34). (0 days charged. 33 total days charged.)
On May 7, 2024, the court did not issue a decision on the defense request for inspection of the grand jury minutes because the minutes were not provided for inspection until May 6, 2024. The court adjourned to July 23, 2024, for decision on the defense request and for the district attorney to file a CoC. On June 20, 2024, the district attorney filed the initial CoC and statement of readiness for trial. The entire time is excludable due to defense motion practice (see CPL 30.30 [4] [a]; People v Moorhead, 61 NY2d at 852 [1984]). The delay after June 20, 2024, is excludable for the additional reason that the district attorney had filed a valid CoC and statement of readiness for trial (0 days charged. 33 total days charged.)
On July 23, 2024, the court relieved attorney Newman and retained counsel, Samantha Chorny, Esq., entered the case. The day before, the court had issued a decision on the defense application for inspection of the grand jury minutes. The court adjourned to August 14, 2024, in Part 21, for the defense to file a CoC and a pretrial conference. This time is excluded because the district attorney had validly stated ready for trial. (0 days charged. 33 total days charged.)
On August 14, 2024, defense counsel was absent and provided an affirmation of engagement. This court adjourned to September 4, 2024, for defense counsel to appear. This delay is excludable (see CPL 30.30 [4] [f]). (0 days charged. 33 total days charged.)
On September 4, 2024, defense counsel was absent. This court adjourned to September 11, 2024, for defense counsel to appear. This delay is excludable (see id.). (0 days charged. 33 total days charged.)
On September 11, 2024, this court deemed the CoC valid and adjourned to October 29, 2024, for a pretrial suppression hearing. This delay is excludable (see CPL 30.30 [4] [a]). (0 days charged. 33 total days charged.)
On October 29, 2024, defense counsel was on trial in another case and did not appear. Defense counsel requested an adjournment into December, and this court adjourned to December 12, 2024, a date that defense counsel reported to be a good date for the defense. This delay is [*4]excludable (see CPL 30.30 [4] [a], [f]). (0 days charged. 33 total days charged.)
On December 12, 2024, the district attorney was not ready for the hearing and requested that the case be adjourned to December 19, 2024. The court adjourned to January 10, 2025. The district attorney is charged with the post-readiness delay requested and not with the time beyond that request (see People v Nielson, 306 AD2d 500 [2d Dept 2003]). (7 days charged. 40 total days charged.)
Thereafter this court administratively adjourned the case, with the consent of the defense, to February 26, 2025, for the pretrial suppression hearing. (0 days charged. 40 total days charged.)
On February 26, 2025, the district attorney announced not ready for the hearing and requested an adjournment of two days. The court granted the adjournment and adjourned to February 28, 2025. The district attorney is charged with this two-day delay. (2 days charged. 42 total days charged.)
On February 28, 2025, this court conducted the pretrial suppression hearing and adjourned to April 28, 2025, for a jury trial. (0 days charged. 42 total days charged.)
On March 3, 2025, the parties appeared before this court at the request of defense counsel, who moved to be relieved as counsel. This court granted the application based on the reasons proffered by counsel, remanded defendant, and adjourned to the next day for assignment of new counsel. This time is excludable (see CPL 30.30 [4] [f]). (0 days charged. 42 total days charged.)
On March 4, 2025, this court assigned Jonathan A. Fink, Esq., to represent defendant. This court adjourned to April 9, 2025, for defense counsel to become familiar with the case. This time is excludable (see CPL 30.30 [4] [b]). (0 days charged. 42 total days charged.)
On April 9, 2025, this court lacked a staff to call the case. This court administratively adjourned to May 9, 2025, with consent of defendant. (0 days charged. 42 total days charged.)
On May 9, 2025, this court adjourned to June 3, 2025, for a jury trial. This time is excluded. (0 days charged. 42 total days charged.)
On May 30, 2025, the assigned assistant emailed this court to report that the district attorney would not be ready to begin trial on June 3, 2025.
On June 3, 2025, defense counsel was on trial and submitted an affirmation of engagement that requested an adjournment to certain dates in July. This court then administratively adjourned the case to June 25, 2025, for a pretrial conference. This time is excludable "on the ground that defense counsel was engaged on another case . . . notwithstanding the People's own lack of readiness" (People v Cox, 161 AD3d 1100, 1101 [2d Dept 2018]). (0 days charged. 42 total days charged.)
On June 25, 2025, defendant presented this court with more than one pro se motion. This court adjourned to July 16, 2025, for defense counsel to review the motions and to decide whether to adopt them. This time is excludable. (0 days charged. 42 total days charged.)
On July 1, 2025, defendant filed a pro se motion for recusal.
On July 16, 2025, this court alerted defense counsel that defendant had filed a pro se motion for recusal since the last court date. Attorney Fink informed the court that defendant had prepared at least one additional pro se motion. This was a motion to test an orange mask for DNA. This court informed counsel to review defendant's pro se motions and decide whether to adopt them. Defense counsel informed the court that he would file an attorney motion to test the mask for DNA. This court set a motion schedule and adjourned to September 10, 2025, for [*5]decision on the expected motion. This time is excludable (see CPL 30.30 [4] [a]). (0 days charged. 42 total days charged.)
Defense counsel thereafter did not file a motion for DNA testing of the orange mask. Instead, on August 17, 2025, defense counsel filed the instant motion to challenge the CoC and dismiss the indictment.
On September 10, 2025, defense counsel was absent and submitted an affirmation of engagement. This court adjourned to October 29, 2025, for decision on the present motion. This time is excludable (see CPL 30.30 [4] [a]). (0 days charged. 42 total days charged.)
III. Conclusion
For the reasons stated above, this court denies the motion to challenge the initial CoC and finds 42 days of chargeable speedy trial time. Accordingly, the motion to dismiss the indictment must be denied.
So ordered.
Dated: October 29, 2025
Brooklyn, NY
HEIDI C. CESARE, A.J.S.C.